NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS LOPEZ MENDOZA,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.   19-72417<br><br>Agency No. A087-743-536<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2023[**]
Pasadena, California

Before: CALLAHAN, FORREST, and H.A. THOMAS, Circuit Judges.

Petitioner Jesus Lopez Mendoza, a citizen of Mexico, seeks review of the

Board of Immigration Appeals' (BIA) decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

(CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny in part and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

dismiss in part the petition.

We review only the BIA's decision, except to the extent it adopted the Immigration Judge's (IJ) decision. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). In doing so, we review the agency's legal conclusions de novo and factual findings for substantial evidence. *Id.*

1. ***Asylum and Withholding of Removal.*** The agency's finding that Lopez Mendoza failed to establish past persecution is supported by substantial evidence where he himself was never threatened or harmed and he relies on alleged events that occurred to family members after he left Mexico. *See Tamang v. Holder*, 598 F.3d 1083, 1091–92 (9th Cir. 2010) (concluding that the petitioner, "who was not in the country at the time he claims to have suffered past persecution," could not show past persecution based on harm to his family because "we have not found that harm to others my substitute for harm to an applicant"). Lopez Mendoza also did not challenge the IJ's internal-relocation finding before the BIA, depriving us of jurisdiction to review this dispositive issue.[1] *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020); *see also* 8 C.F.R. § 1208.13(b) (requirements for asylum); 8 C.F.R. § 1208.16(b) (requirements for withholding of removal); *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028–29 (9th Cir. 2019) (discussing asylum and withholding of

---

[1]Even if this issue were exhausted, Lopez Mendoza failed to address it "specifically and distinctly" in his opening brief and therefore forfeited the issue. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020).

2

removal elements). For this reason alone, Lopez Mendoza's asylum and withholding of removal claims fail.

2.    ***CAT.*** Substantial evidence supports the BIA's determination that Lopez Mendoza is ineligible for CAT protection because he failed to show that he in particular is likely to be tortured if removed to Mexico. *See Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018). The relevant evidence of record are country-conditions reports that do not establish that Lopez Mendoza or individuals like him face a particularized risk.

**PETITION DENIED IN PART; DISMISSED IN PART.**